**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| TOMMIE E. KING, JR., | ) | Case No. 16-39010 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| RES-IL ONE, LLC, | ) | |
| Plaintiff, | ) | Adversary No. 17-_____ |
| | ) | |
| | ) | Honorable Judge Pamela S. Hollis |
| v. | ) | |
| TOMMIE E. KING, JR., | ) | |
| Defendant. | ) | |

**ADVERSARY COMPLAINT**

RES-IL One, LLC (the "*RES*"), by its attorneys, Chapman and Cutler LLP, files its complaint to object to the discharge of Defendant/Debtor Tommie E. King, Jr. ("*King*") and in the alternative for dismissal pursuant to 11 U.S.C. §707(a), Fed R. Bankr. P. 7001(4) and Fed R. Bankr. P. 4004. For its complaint, RES alleges and states as follows:

**NATURE OF THE CASE**

1. By this adversary proceeding, RES objects to the entry of a discharge under 11 U.S.C. §727(a)(5), Fed R. Bankr. P. 7001(4) and Fed R. Bankr. P. 4004 because King is seeking to avoid the repayment of his debts without an adequate justification; alternatively, RES seeks dismissal of this case with prejudice.

4146792.01.05.docx
4165445/BEJ

## JURISDICTION AND VENUE

2. This court has jurisdiction over this matter under 28 U.S.C. §§ 1334, as King is a debtor under chapter 7 of title 11 of the United States Code, pending as Case No. 16-39010 in the Eastern Division of the United States Bankruptcy Court for the Northern District of Illinois.

3. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(J). This matter concerns the adjudication of a public right and the Bankruptcy Court may hear, determine and enter final orders and judgments on the matter.

4. Venue is appropriate in the Northern District of Illinois under 28 U.S.C. § 1409(a) because the defendant is a debtor in a bankruptcy case pending in this district.

## PARTIES

5. Plaintiff, RES, is a limited liability company organized under the laws of the State of Delaware, and a creditor of Defendant/Debtor King.

6. Defendant King is an individual residing within the Northern District of Illinois and the debtor in Chapter 7 bankruptcy case number 16-39010, pending in this district.

## FACTUAL BACKGROUND

7. On November 17, 2014, a deficiency judgment was entered in favor of Plaintiff and against Defendant Tommie King, Jr. (*"King"*) in the amount of $109,006.67 (*"Judgment Amount"*).

8. On January 6, 2014, Plaintiff issued a Wage Deduction Summons, Affidavit for Wage Deduction Order and Wage Deduction Notice (*"Wage Garnishment"*) to the Illinois Department of Corrections - Illinois State Police (*"ISP"*), King's employer.

9. Since January 2014, ISP has remitted monthly payments to RES pursuant to the Wage Garnishment, although the Wage Garnishment was periodically interrupted due to King's

filing of Chapter 13 bankruptcy petitions on May 1, 2015 (Case No. 15-15640, dismissed on May 3, 2016), and on March 23, 2016 (Case No. 16-09985, dismissed on August 18, 2016).

10. In the schedules to his bankruptcy petition, King lists the sum total of his assets as $378,700.00. In 2016, his gross income was $162,250.00 — an increase of more than $40,000 from the prior year. King's gross income each month is $14,750.00 — $2,803.02 of those funds are paid into a retirement plan, and his combined monthly income is $7,521.98. *See* Schedule A/B, p. 6, 19-20, 23, Docket No. 10.

11. Among other things, King pays $3,000 in rental/home ownership expenses, and owns two vehicles, a Toyota Sequoia and a GMC Denali, for which he pays $1,076 per month in installment or lease payments. King's monthly net income is listed at "-$14.02." *Id*. at 22.

12. King now seeks a discharge in this Chapter 7 bankruptcy case.

13. This is King's third bankruptcy filing since May 2015.

### CLAIMS FOR RELIEF

### Count I

### Denial of Discharge
### Pursuant to 11 U.S.C. §727(a)(5)

14. RES incorporates, repeats, and realleges all allegations set forth above in paragraphs 1-13.

15. The court may deny a debtor a chapter 7 discharge if "the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities." 11 U.S.C. §727(a)(5).

16. Here, King has assets of $378,700.00, a 2016 gross income of $162,250.00, lives in a residence costing $3,000 per month and owns two vehicles for which he pays $1,076 per month.

17. In his bankruptcy petition King has failed to satisfactorily explain the deficiency of assets to meet his liabilities.

WHEREFORE, RES-IL One, LLC requests that this Court enter an order (1) determining that Tommie J. King, Jr. is not entitled to a discharge based upon the facts and circumstances that are the subject matter of this Complaint; and (2) granting such other and further relief in favor of the RES as the Court deems just and proper.

### Count II

### Dismissal for Cause
### Pursuant to 11 U.S.C. §707(a)

*In the alternative to Count I*

18. RES incorporates, repeats, and realleges all allegations set forth above in paragraphs 1-13 and 16.

19. In the alternative, King's bankruptcy petition should be dismissed for cause.

20. The court may properly dismiss a Chapter 7 bankruptcy petition "for cause" pursuant to section 707(a) of the Bankruptcy Code where a debtor's conduct, "while not a violation of required procedures, avoids repayment of debt without an adequate reason." *In re Schwartz*, 799 F.3d 760, 763 (7th Cir. 2015) (affirming dismissal of chapter 7 petition where debtors failed to "pay as much of their indebtedness as they could without hardship").

21. Here, King has assets of $378,700.00, a 2016 gross income of $162,250.00, lives in a residence costing $3,000 per month and owns two vehicles for which he pays $1,076 per month.

22. By simply reducing his substantial personal expenditures — which effectively deplete the assets available to pay his creditors — King could continue to make payments to RES pursuant to the Wage Garnishment or otherwise.

23. King's bankruptcy petition should be dismissed for cause pursuant to 11 U.S.C. §707(a) because there is no justifiable reason for why King cannot repay his debt to RES without hardship.

24. Given King's history of repeated filings, RES requests the case be dismissed with a prejudice period of two years pursuant to 11 U.S.C. §§ 105 and 109(g).

**WHEREFORE**, RES-IL One, LLC requests that in the alternative this Court enter an order: (1) dismissing Tommie J. King, Jr.'s chapter 7 bankruptcy petition based upon the facts and circumstances that are the subject matter of this Complaint; and (2) granting such other and further relief in favor of the Bank as the Court deems just and proper.

To the extent required, RES-IL One, LLC consents to the entry of final orders and judgments by the Bankruptcy Court.

Dated:  March 13, 2017

                 Respectfully submitted.

                 RES-IL ONE, LLC

                 By:  /s/ Bryan E. Jacobson
                    Bryan E. Jacobson
                    One of Its Attorneys

James P. Sullivan (ARDC #6256746)
Bryan E. Jacobson (ARDC #6300097)
Chapman and Cutler LLP
111 West Monroe Street
Chicago, Illinois  60603
(312) 845-3000
bjacob@chapman.com