IN THE UNITED STATES BANKRUPTCY COURT FOR
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 7 |
| Tommie King, Jr. | ) | |
| | ) | Case 16-39010 |
| | ) | |
| Debtor | ) | |
| | ) | |
| RES-IL One, LLC | ) | |
|     Plaintiff | ) | |
| | ) | Adversary No, 17- ap - 115 |
| | ) | |
| v. | ) | Honorable Judge Pamela S. Hollis |
| | ) | |
| Tommie King, Jr. | ) | |
|     Defendant | ) | |

MOTION TO DISMISS ADVERSARY COMPLAINT

Now comes the debtor/defendant, Tommie King, Jr., by and through his attorneys, MINCHELLA & ASSOCIATES, LTD., and moves this Honorable Court to dismiss the instant adversary complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and Bankruptcy Rule 7012, and in support states as follows:

Procedural Background

1) On December 11, 2016 debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code.

2) Upon the filing of his petition for relief, a Section 341 meeting of creditors was set for January 11, 2017 and the last day to object to discharge was set for March 13, 2017.

3) The 341 meeting was concluded and the appointed Chapter 7 Trustee made a finding of No Assets.

4) The defendant RES_IL One LLC did not appear at the 341 meeting of creditors to question the debtor.

5) The deadline to object to discharge was extended to April 13, 2017 by motion of creditor Chicago Patrolman's Credit Union , which was seeking to have the discharge deadline extended beyond the recession period of the agreed upon reaffirmation agreement.

6) On March 23, 2017, the instant adversary complaint was filed by Plaintiff.

### DISMISSAL OF COUNT I OF PLAINTIFF'S COMPLAINT

7) Count I of plaintiff adversary seeks denial of discharge pursuant to 11 U.S.C. 727(a)(5).

8) Objections to discharge under § 727 are to be liberally construed in favor of debtors and strictly against objectors. In re Juzwiak, 89 F.3d 424, 427 (7th Cir. 1996);

9) Denial of discharge under Section 727(a)(5) is only appropriate when "debtor has failed to explain satisfactorily . . . any loss or deficiency of assets to meet the debtor's liabilities." 11 U.S.C. 727(a)(5).

10) Defendant's only allegation to support his request for denial of discharge under Section 727(a)(5) is debtor's gross income, his housing costs and the cost of his vehicles.

11) A request for denial under Section 727 "is not concerned with the wisdom of [the] debtor's disposition of assets, but is concerned with the truth, detail and completeness of the debtor's explanation." *Stathopoulos v. Bostrom (In re Bostrom)*, 286 B.R. 352, 359 (Bankr. N.D. Ill. 2002).

12) Debtor fully and honestly disclosed his assets, net income, and expenses on his Bankruptcy petition.

13) There is no allegation that the Debtor/Defendant had "*other* substantial and identifiable assets that are now no longer available to pay back the debt he owes." See Forsythe v. Yeley, 508 B.R. 82 (N.D. IN 2014)

14) Debtor fully and honestly responded to all question made at the 341 meeting of creditors.

15) There is no allegation made by the creditor that the debtor owned "substantial and identifiable assets that are no longer available to his creditors." See In Re Cole, 378 B.R. 215 (Bankr.N.D.IL 2007).

16) Plaintiff makes no allegation of a loss that that would need to be explained by the defendant.

17) Plaintiff has failed to meet the initial prong of a review for denial of discharge under 11 U.S.C. 727(a)(5).

Wherefore, for the above stated reasons, Defendant Tommie King Jr. respectfully requests that Count I of the adversary complaint of RES-IL ONE be dismissed.

### DISMISSAL OF COUNT II OF THE ADVERSARY COMPLAINT

18) In Count II of its adversary complaint, plaintiff requests dismissal of the underlying Bankruptcy case pursuant to 11 U.S.C. 707(a).

19) A proceeding under 11 U.S.C. 707(a) in not considered an "adversary proceeding" governed by Rule 7001 of the Federal Rules of Bankruptcy Procedure.

Wherefore, for the above stated reasons, Defendant Tommie King, Jr. respectfully requests that Count II of the adversary complaint of RES-IL ONE be dismissed.

          Respectfully submitted,
          Tommie E. King, Jr.

          By: /s/Erica Crohn Minchella
          One of his attorneys

Erica Crohn Minchella
Attorney No. 6180610
MINCHELLA & ASSOCIATES, LTD.
7538 St. Louis Ave.
Skokie, IL 60076
847 677 6772